IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>ANDRES MATEO-FRANCISCO,<br><br>      Defendant. | 4:13-CR-3041<br><br>TENTATIVE FINDINGS |

  The Court has received the revised modified presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed an objection (filing 25) to the presentence report.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has filed an objection (filing 25) to the presentence report.

The issue raised by the objection is whether the defendant's 2006 conviction for terroristic threats should be considered a "crime of violence" for purposes of applying the 16-level enhancement provided by U.S.S.G. § 2L1.2.

> "Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, *or threatened use of physical force against the person of another*.

§ 2L1.2 cmt. n.1(B)(iii) (emphasis supplied). Because terroristic threats is not one of the specified offenses, it must involve the "threatened use of *physical force*" for a 16-level enhancement to be applied. § 2L1.2 (emphasis supplied). "Physical force" has been defined as "'violent force—that is, force capable of causing physical pain or injury to another person.'" *United States v. Williams*, 690 F.3d 1056, 1067-68 (8th Cir. 2012) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (defining "physical force" under the Armed Career Criminal Act)); *see also United States v. Bartel*, 698 F.3d 658, 661 (8th Cir. 2012) (same test used to decide whether offense constitutes "crime of violence" under Sentencing Guidelines or "violent felony" under Armed Career Criminal Act).

So, it is important to note that even threatening a crime of violence is not itself a crime of violence unless the threat includes a threat to use physical force. Or, stated another way: Any offense that involves the

- 2 -

use, attempted use, or threatened use of physical force against the person of another is a crime of violence, but not every crime of violence necessarily requires the use, attempted use, or threatened use of physical force against the person of another. One simple example is pointed out by the defendant: murder can be committed with the use of poison, *e.g.* Neb. Rev. Stat. § 28-303(3), but poison may not require the use of physical force against the victim. *See, United States v. Torres-Miguel,* 701 F.3d 165, 168-69 (4th Cir. 2012)*; United States v. Andino–Ortega,* 608 F.3d 305, 311 (5th Cir. 2010); *United States v. Rodriguez-Enriquez,* 518 F.3d 1191, 1195 (10th Cir. 2008); *but see Vargas-Sarmiento v. U.S. Dept. of Justice,* 448 F.3d 159, 175 (2d Cir. 2006). Nor would, for instance, arson, or burglary of a dwelling, necessarily require the use of physical force against the person of another. *See, United States v. Ortiz-Gomez,* 562 F.3d 683, 686-87 (5th Cir. 2009); *United States v. Gomez-Hernandez,* 300 F.3d 974, 979 (8th Cir. 2002).

In applying the crime-of-violence definition, pursuant to the categorical approach, the Court is initially concerned only with the fact of a prior conviction and the statutory elements of the underlying offense. *United States v. Ossana,* 638 F.3d 895, 899 (8th Cir. 2011). If, however, the underlying statute encompasses multiple different crimes, only some of which qualify as crimes of violence, the Court applies the modified categorical approach and examines a limited class of record materials to determine which actual crime was committed. *Id.* at 899-900. In applying either approach, the Court examines the elements of the underlying state offense to determine if the conviction encompassed the generic definition of one of the specified offenses or *necessarily* involved "the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 900.

The defendant was convicted of violating Neb. Rev. Stat. § 28-311.01, which provides that a person commits terroristic threats if he "threatens to commit any crime of violence: (a) With the intent to terrorize another; (b) With the intent of causing the evacuation of a building, place of assembly, or facility of public transportation; or (c) In reckless disregard of the risk of causing such terror or evacuation." It is plain from the charging instrument (filing 29-1 at 1) that the defendant was charged pursuant to subsection (a), but it is the first element—the content of the threat itself, not the mental state—that is at issue here. There is, therefore, no meaningful difference between the categorical and "modified categorical" approach in this case.

- 3 -

Under Nebraska law, a "crime of violence" within the meaning of § 28-311.01 is "an act which injures or abuses through the use of physical force and which subjects the actor to punishment by public authority." *State v. Tucker*, 764 N.W.2d 137, 147 (Neb. App. 2009). That much is consistent with § 2L1.2. But offenses such as robbery, murder, sexual assault, and assault with intent to inflict great bodily injury are also crimes of violence within the meaning of § 28-311.01. *Tucker*, 764 N.W.2d at 147; *see also State v. Willett*, 444 N.W.2d 672, 674-75 (Neb. 1989). The Nebraska Supreme Court has, in fact, said that "[w]ithout doubt, a threat of murder is a threat to commit a 'crime of violence'" within the meaning of § 28-311.01. *Willett*, 444 N.W.2d at 675. And as noted above, while murder is unquestionably also a crime of violence within the meaning of § 2L1.2, it does not categorically require a use, attempted use, or threatened use of physical force. *See, Torres-Miguel*, 701 F.3d at 168-69; *Andino–Ortega*, 608 F.3d at 311; *Rodriguez-Enriquez*, 518 F.3d at 1195.[1] Similarly, under § 28-311.01, "it is possible to threaten to commit a violent crime, such as arson, with the intent to terrorize another person without ever threatening any person." *State v. Smith*, 2003 WL 22769284, at *5 (Neb. App. Nov. 25, 2003).

The Court does not find it plausible that, were the Nebraska courts directly confronted with the question, they would hold that threatening to poison someone could not support a conviction under § 28-311.01: instead, they would conclude that murder by poisoning would be a "crime of violence" within the meaning of that statute. Indeed, poisoning someone would be a "crime of violence" under the Sentencing Guidelines as well. But threatening to poison someone does not necessarily involve a threat to use physical force against the person of another.

Simply put, under the elements of § 28-311.01, a conviction does not necessarily require that the defendant have threatened the use of

---

[1] The Court is aware of the Eighth Circuit's decision in *United States v. Forrest*, 611 F.3d 908 (8th Cir. 2010), but finds it to be distinguishable. The Colorado statute at issue in that case required not only a threat intended to terrorize, but a threat that creates a fear "of imminent serious bodily injury." *Id.* at 910-11. The Eighth Circuit held that any threat which created a fear of "imminent serious bodily injury" was necessarily a threat of physical force. *Id.* No comparable language is present in the Nebraska statute, which only requires an intent to "terrorize." *See* § 28-311.01.

physical force. As a result, a 16-level enhancement under § 2L1.2 is not warranted. *See United States v. Sanchez-Martinez*, 633 F.3d 658, 659-660 (8th Cir. 2011). The Court's tentative finding is that the defendant's objection will be sustained.

It is apparent that an 8-level enhancement is appropriate, however. An 8-level enhancement is warranted by a conviction for an "aggravated felony," which includes in *its* definition of "crime of violence" (a different definition yet again), "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See* § 2L1.2 cmt. n.3(A); *see also*, 8 U.S.C. 1101(a)(43); 18 U.S.C. § 16(b). The making of a terroristic threat "creates a risk of violent confrontation" that "in the ordinary case, presents a serious potential risk of injury to another." *See James v. United States*, 550 U.S. 192, 203-04, 208 (2007). The Court's tentative finding, then, is that the defendant's offense level is 13, which combined with a Criminal History Category IV results in a Guidelines range of 24-30 months.

In addition, the Court notifies the parties that it will, in sentencing the defendant, consider whether an upward variance is warranted under § 3553(a) because the Guidelines calculation may not adequately reflect the seriousness of the defendant's conduct. *See, United States v. Overbey*, 696 F.3d 702, 705-06 (8th Cir. 2012); *United States v. Washington*, 515 F.3d 861, 867-68 (8th Cir. 2008); *see also*, *United States v. Golden*, 394 Fed. Appx. 347, 348-49 (8th Cir. 2010); *United States v. Roberson*, 334 Fed. Appx. 787, 790 (8th Cir. 2009). The defendant was convicted of terroristic threats after he got extremely drunk, told his wife he wanted to kill her, and then tore the telephone off the wall and shut off his home's electricity when she tried to call for help. Filing 29-5 at 10-11. While the defendant's conviction may not be a crime of violence warranting a 16-level increase under the elements-based categorical approach, the facts of the case leave the Court with little doubt that the defendant actually *did* threaten his wife with physical force.

On the other hand, the defendant's drunken outburst, while certainly appalling, is also not the most reprehensible crime to have come before the Court, and an 8-level increase for an aggravated felony may appropriately account for it. But the defendant's rather remarkable

history of illegal immigration is also concerning, and the Court may vary upward on that basis as well. *United States v. Mejia-Perez*, 635 F.3d 351, 352-54 (8th Cir. 2011). The Court will make a final determination on that issue at sentencing.

3. Except to the extent that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraphs, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 29th day of August, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge